ATTORNEY-GENERAL v. THE BOROUGH OF TUCKERTON.

Submitted July 2, 1901—Decided November 11, 1901.

A special act of the legislature affecting a particulariy described territory is violative of the section of the constitution requiring notice to be given of all applications for special acts, if the description included territory not described in the notice.

On *quo warranto.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the relators, *Joseph H. Gaskill.*

For the respondent, *Samuel A. Atkinson* and *George Reynolds.*

The opinion of the court was delivered by

GARRETSON, J. The constitution provides, article 4, section 7, paragraph 9: "No private, special or local bill shall be passed unless public notice of the intention to apply therefor and of the general object thereof shall have been previously given. The legislature, at the next session after the adoption hereof, and from time to time thereafter, shall prescribe the time and mode of giving such notice, the evidence thereof, and how such evidence shall be preserved."

The legislature, in obedience to the direction of the constitution, passed an act, which was approved February 26th, 1876 *(Pamph. L., p.* 11), and a supplement thereto, approved February 2d, 1897. *Pamph. L., p.* 12. By the supplement, it was enacted, "Whenever, by the constitution, notice of the intention to apply for the passage of any bill is required, such notice shall be published at least one week before the introduction of said bill, and after the first day of January next preceding such introduction, in at least one of the papers published in every county wherever said bill is or is likely to take effect; such notice shall contain a correct statement of the general object of said bill and shall be signed at least by one of the parties who intend to apply for the passage thereof."

Prior to 1896 boroughs were incorporated by the votes of the electors within a prescribed territory, voting at a special election called in the manner provided in the various acts. *Gen. Stat., p.* 179, §§ 1, 2; act of 1878 *(Gen. Stat., p.* 225, § 268) ; act of 1890 *(Gen. Stat., pp.* 250, 251, §§ 385, 395) ; supplement to act of 1891 and other acts.

In 1896 the legislature changed the manner of incorporating boroughs, and provided (*Pamph. L., p.* 171) : "No borough or village shall hereafter be incorporated in this state except by special act of the legislature," &c.

In January, 1901, a notice, signed by eleven persons, was published in a newspaper in Ocean county, as follows : "Notice is hereby given that the subscribers intend to apply to the legislature of this state now in session for the passage of a bill, the general object of which shall be to create, establish and incorporate a borough to be called the borough of Tuckerton, to be governed by the laws of this state relating to boroughs; said borough to include within its boundaries all that part of the township of Little Egg Harbor, in the county of Ocean, contained within the following bounds, to wit," giving particular boundaries, as appears from a certified copy of the proof of publication from the office of the secretary of state offered in evidence.

After the publication of this notice the legislature passed an act entitled "An act for the incorporation of the borough of Tuckerton, in the county of Ocean" (*Pamph. L.* 1901, *p.* 27), and did thereby enact: "The inhabitants of that portion of the township of Little Egg Harbor, in the county of Ocean, contained within the limits hereinafter set forth are constituted and declared to be a body politic and corporate in law by the name of 'the borough of Tuckerton,' and shall be governed by the general laws of this state relating to boroughs.    The territorial limits of the said borough shall be as follows, to wit," giving the boundaries.

The boundaries as given in the act of incorporation differ from those given in the notice of intended application to the legislature in that they include some territory not included within the boundaries of the notice and exclude some territory contained within those boundaries.

The question presented is, was it within the power of the legislature to alter the boundaries of the proposed borough as contained in the notice of application?

We get no assistance in the solution of this question from

the decisions of the courts upon the interpretation of the Road acts as to the boundaries of roads, because they are interpretations of the legislative intent; neither are we aided by the fact that prior legislation as to boroughs contained directions that the application to the authority ordering the election must contain a description by boundaries of the territory to which the proposed government should apply, because that was the final determination of the borough territory. The question here is the proper exercise of legislative authority within constitutional limits.

In *Freeholders of Passaic* v. *Stevenson,* 17 *Vroom* 173, 186, this court held that by this clause in the constitution the intention was clearly expressed to vest in the judicial tribunals the power to arrest the operation of laws passed in the haste of legislation without the requisite notice.

The object of the constitutional requirement as to private, local and special bills was to notify all persons who were liable to be affected in their rights or property of the proposed legislation.

The law enacted in pursuance of the notice could only affect those who had been notified; as to those who had not been notified, it would be no law.

The notice given in this case was a notice to all who might be affected in the territory described, and was not a notice to anyone to be affected in any territory outside of the boundaries set forth, and when the legislature in the act included within the boundaries of the borough territory other than that set out in the notice, it included the persons and property of individuals who had not received any notice of the legislative action.

The act, as passed by the legislature, is a special bill as to all the territory included within its description; as to so much of it as was included in the description in the notice of application, the constitutional requirement has been complied with; as to so much as was not so included, the constitutional requirement has not been complied with.

In this way the constitutional intent was defeated, and a

private, special and local bill was passed which affected the territory outside of that described in the notice without any public notice of the intention to apply therefor having been given.

Judgment of ouster from the franchises, &c., should be entered.