STATE, *ex rel.* CARY D. LANDIS, Att'y Gen'l, and R. L. WALL, W. B. TILTON, F. W. HILDEBRAND, C. B. ARBOGAST, H. L. MILLER, J. B. BREWER, G. H. REYNOLDS and J. R. POMEROY v. J. H. REARDON, F. H. CHANDLER, J. H. LeTOURNEAU and PERCY FUGE.

154 So. 868.
Opinion Filed May 11, 1934.
Petition for Rehearing Denied May 31, 1934.

*F. L. Hemmings* and *Evans Crary,* for. Relators;

*T. T. Oughterson,* for Respondents.

WHITFIELD, J.—Quo warranto proceedings were brought in this Court by the Attorney General of Florida and by officers designated to exercise the duties of governing authority of St. Lucie Inlet District and Port Authority under Chapter 16168 (Committee Substitute for House Bill No. 806), Acts of 1933, as co-relators, against officers of the St. Lucie Inlet District and Port Authority under Chapter

1308, Acts of 1929, the defense ouster being that Chapter 16168 is inoperative because the local bill passed as Chapter 16168 is materially different in some respects from the bill as introduced in the Legislature of which notice was published, and that as a consequence Section 21, Article III, of the Constitution was violated in the enactment of the local bill, making it nugatory as a law.

Section 21, Article III, of the Constitution of Florida, as amended in 1928, contains a provision that

"No local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law."

A purpose of the quoted organic provision is to require notice of the substance of a proposed local or special law to be duly published in the locality to be affected thereby, so that interested parties be not misled by an inadequate notice, but may be duly notified of the nature and substance of the local or special bill to be introduced in the Legislature; but there is no organic purpose to curtail the law-making power and responsibility of the Legislature to determine the contents of its enactments further than is reasonably necessary to secure to those who are directly interested therein, due notice of the substance of a proposed local or special law, so that its enactment or the essential substance of the contents thereof may be contested if that is desired.

The inhabitants of the local communities and those directly interested in the premises have a constitutional right to have duly published in the locality to be affected, the substance of a proposed local or special law, so that they may be duly notified of its general nature and purpose. The detailed contents of the bill to be enacted are subject

to legislative discretion when the substance and purpose of the enactment accord with the published "notice of intention to apply therefor."

Whether a local or special law as enacted accords in substance with the published notice of intention to apply for its enactment, so as to comply with the mandate of the Constitution that "no local or special law shall be passed" unless a notice stating "the substance of the contemplated law" shall be published as required by law, must be determined by a consideration of the contents of the notice that was duly published and of the contents of the enactment, in each case that is presented for adjudication.

To be a compliance with the above quoted organic provision, the published notice should state the substance of the main provisions of the bill sufficiently to show the dominant nature and purpose of the proposed law, and the published notice should not be misleading as to the principal provisions of the proposed law.

If the substance of the bill introduced substantially accords with the notice duly published, amendments to the bill may be adopted by the Legislature, in the exercise of its law-making power, without violating the quoted organic provision, provided such amendments are germane to the main provisions of the bill, and not materially change the substance and purpose of the bill as to which notice was duly published.

The notice of intention to apply for the enactment of a local law which was published is as follows:

"NOTICE.

"To WHOM IT MAY CONCERN:

"Notice is hereby given of intention to apply to the Legislature of the State of Florida at its regular session A. D.

1933, for the passage of a local bill, the substance of which contemplated law is as follows:

"To abolish the Board of Commissioners of St. Lucie Inlet District and Port Authority and offices of Treasurer and Secretary as created and defined by Chapter 13808, Laws of Florida, 1929, and Amendatory Acts thereto enacted by the Florida Legislature, 1931; to provide that all functions, duties and powers, as provided in Chapter 13808, and the Amendatory Acts thereto, are to be thereby vested in the Board of County Commissioners of Martin County; that the Clerk of the Circuit Court of said County shall act as Secretary; to repeal or remove authorization for tax levy for maintenance, police, fire, sanitary and publicity purposes; that all properties and assets, as well as the books or records of said District, together with a written report setting forth the financial affairs, etc., of said District, shall be delivered to the Board of County Commissioners of Martin County within thirty days after such Act becomes a law; that the purpose of this Act is to effect economy."

The title of the bill introduced was:

"A Bill to be Entitled an Act to Abolish the Board of Commissioners of St. Lucie Inlet District and Port Authority and Offices of Treasurer and Secretary as Created and Defined by Chapter 13808, Laws of Florida, 1929, and Amendatory Act thereof enacted by the Florida Legislature, 1931; to Provide that all Functions, Duties and Powers as Provided in Chapter 13808 and the Amendatory Act Thereof, are Hereby Vested in the Board of County Commissioners of Martin County, Florida; Providing that the Clerk of the Circuit Court of said County Shall Act as Secretary and Treasurer of Said District; to Repeal and Remove the Authorization for the Tax Levy for Maintenance, Repair or Construction or for the Payment of Expenses in Carrying on or Transacting the Business of Said

District, and to Repeal the Tax Levy for Police, Fire, Sanitary and Publicity Purposes; Providing that all Properties and Assets, as well as the Books and Records of said District, Together with a Written Report Setting Forth the Financial Affairs and Status of said District shall be Delivered to the Board of County Commissioners of Martin County, Florida, within Thirty Days after such Act becomes a Law; and Providing Regulations Incidental to the Purpose and Intent of this Act."

The title of the bill as passed is:

"A Bill to be Entitled an Act to Abolish the Board of Commissioners of St. Lucie Inlet District and Port Authority and Offices of Treasurer and Secretary as Created and Defined by Chapter 13808, Laws of Florida, 1929, and Amendatory Act Thereof Enacted by the Florida Legislature, 1931; to Provide that all Functions, Duties and Powers as Provided in Chapter 13808 and the Amendatory Act Thereof, are Hereby Vested in a New Board to be Made up *Ex Officio* of the Five County Commissioners of Martin County, Florida, and the Chairman and One Member of the Board of County Commissioners of St. Lucie County, to be by the latter Designated; Providing That the Clerk of the Circuit Court of Martin County, Florida, Shall Act as Secretary and Treasurer of Said District; to Repeal and Remove the Authorization for the Tax Levy for Maintenance, Repair or Construction or for the Payment of Expenses in Carrying on or Transacting the Business of said District, and to Repeal the Tax Levy for Police, Fire, Sanitary and Publicity Purposes; Providing that all Properties and Assets, as well as the Books and Records of said District, Together with a Written Report Setting Forth the Financial Affairs and Status of said District shall be Delivered to the New Board Created Hereunder, Within Thirty Days after Such Act Becomes a Law; and Providing

Regulations Incidental to the Purpose and Intent of this Act."

The purpose of the local bill as introduced in the Legislature is to "effect economy" as stated in the notice, by abolishing the Board of Commissioners of the St. Lucie Inlet District and Port Authority and the offices of Treasurer and Secretary of the Board existing under Chapter 13808 and amendments thereto, and by vesting the powers, duties and function of the District under Chapter 13808, in another board, viz.: "the five county commissioners of Martin County," and its Clerk, to serve without compensation, and repealing the authority of the District to levy taxes for maintenance, repair or construction or for expenses in transacting the business of the district, and repealing the tax levy for police, fire, sanitary and publicity purposes. An amendment to the bill in the course of its enactment into law by adding to the proposed new board of "five county commissioners of Martin County, Florida," "the chairman and one member of the Board of County Commissioners of St. Lucie County, to be by the latter Designated," is germane to the main provisions of the bill as introduced in the Legislature and does not change the substance and purpose of the bill which accords with the published notice; therefore the amendment does not violate Section 21 of Article III of the Constitution as amended in 1928.

The Alabama and other cases cited by respondents substantially accord with the principles herein stated. In State v. Allen, 219 Ala. 590, 123 So. 36, text page 38, it is said:

"Some of the substantial features of the published Act are materially different from what they are in the Act as passed."

In First National Bank v. Smith, 217 Ala. 482, 117 So. 38, text 41, the court said that:

"The amendment was a material and contradictory alteration of the advertised substance of the bill."

See also Brame v. State, 148 Ala. 629, 38 So. 1031; State, *ex rel.* Attorney General v. Speake, 144 Ala. 509, 39 So. 224; State, *ex rel.* Attorney General v. Borough of Tuckerton, 67 N. J. Law 120, 50 Atl. 602, 603.

The Constitution does not require the legislative journals to show that there was a legislative determination that notice was duly published of intention to apply for the passage of a local or special bill as the same is amended in the Legislature. Nor does the Constitution require the affidavit of proof of publication of notice of a contemplated local or special bill to be entered in full upon the journal immediately following the title of the bill *as amended* by the Legislature. Such affidavit appearing on the journal immediately after the title of the bill *as introduced* in the Legislature, need not be repeated under the title of the bill, as it may be amended.

A statute may require county officials without compensation to perform duties for a district which extends into or over more than one county when such duties are compatible with the official duties being performed by the county officers; and such legislative imposition of duties upon county officers may not violate Section 15 of Article VI or Section 27 of Article III of the Constitution. See Whitaker v. Parsons, 80 Fla. 352, 86 So. 247; Flood v. State, 100 Fla. 70, 129 So. 861; Amos, *et al.,* v. Mathews, 99 Fla. 1, 126 So. 308. Such organic sections are not shown to be violated in this case. The latter section does not apply to district officers and two distinct offices do not exist, the statute merely adding other duties to officers in commission, and the added duties are not required by the

Constitution to extend only to the territory covered by the regular duties of the officers.

"Public officers have no legal claim for official services rendered, except when, and to the extent that, compensation is provided by law, and when no compensation is so provided rendition of such service is deemed to be gratuitous." Raws, et al., v. State, 98 Fla. 103, 122 So. 222, H. N. 1.

Statutory authority to levy taxes for district purposes may be repealed by a subsequent statute without otherwise destroying the powers and duties of the governing authorities of the district.

Illegal payments of district funds, if any, are attempted, may be enjoined or otherwise redressed by due course of law.

Demurrer to information overruled.

Demurrer to pleas of respondents sustained.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.