**M. A. WEAVER, et al., v. STATE OF FLORIDA, et al.**

17 So. (2nd) 91             January Term, 1944
February 29, 1944             En Banc
Rehearing Denied March 31, 1944

*C. D. Blackwell,* for appellants.

*Sydney J. Catts, Jr.,* for appellees.

ADAMS, J.:

The Lake Worth Drainage District was created pursuant to the general drainage law of Florida in 1915. Chapter 20707, Acts of 1941, authorized the district to install pumps and other equipment to maintain water levels in the district.

Chapter 22198, Acts of 1943, authorized the district to obligate itself for the purchase price of pumps and other such equipment. The latter act authorized the district to:

"Section 3 . . . to make a service charge against all the lands which the Board of Supervisors finds, as hereinafter provided, will be benefited from the purchase, installation and operation of such pumps, machinery, equipment or material which said service charges shall be sufficient to pay the principal of and interest on the note, notes or bonds as they mature. Such service charge shall be distributed and charged against each such tract of land in proportion to benefits. And the Board of Supervisors of The Lake Worth Drainage District is authorized and empowered and shall each year as long as any of the principal or interest remains unpaid on such note, notes or bonds determine what lands will be benefited in each fiscal year beginning July 1st and ending the next June 30th from the purchase, installation and operation of such pumps, machinery, equipment or material, and shall further determine the proportionate part of the total benefits to and the amount to be charged against each piece of land and, when all this has been determined, said Board of Supervisors of said District shall not later than October 1st of each year declare the result and its findings by resolution, which resolution shall fix the time when such service charges shall be due and payable and when they shall be in default. . . ."

Pursuant to the aforesaid acts, the supervisors of the district sought by petition to validate its obligations in the amount of $50,000 for the purpose of purchasing pumping equipment. The petition alleged that the petition was approved by more than 80 per cent of the farmers owning and cultivating farms in the specified area. The plan provided that the supervisors would annually declare the amount of benefits to each landowner and levy a service charge against each parcel of land for the purpose of creating a fund to retire this debt. The state attorney answered and opposed the validation proceeding on the ground that there had been no election of the freeholders as required by the Constitutional Amendment, Section 6, Article IX, as amended. The lower court dismissed the petition.

In the case of Kathleen Citrus Land Co., v. City of Lakeland, 124 Fla. 659, 169 So. 356, we received the history of public financing leading up to the adoption of this amendment in 1930. There, we said in substance that by adopting the amendment the people of Florida withdrew from their chosen public officials the authority to incur debts and reserved such power to the freeholders who were qualified electors of the affected district. There we said:

"Any scheme which may involve or be interpreted as constituting a direct, indirect or contingent pledge or obligation of the city's taxing power will bring it within the constitutional inhibition of creating the indebtedness without the consent of the free holders in an election called to determine the question."

We also said that any doubt would be resolved adversely to the authority of the officials and in favor of the people.

In Spearman Brewing Company v. City of Pensacola, 133 Fla. 869, 187 So. 365, we had the question presented whether this amendment precluded the City of Pensacola from issuing time warrants against a fund created from payments of liens assessed against abutting property for street improvements. We held that the City of Pensacola was without power to issue the time warrants without an approving vote as contemplated by the Constitutional Amendment.

The question now arises whether these decisions are applicable to this case and our decision therein. Construing the amendment as we do, we see no reason to differentiate the drainage district from a municipality. The language of the amendment is broad and all comprehensive.

Securing a petition from more than 80 per cent of the farmers owning and farming land in the district is in no sense a compliance with the constitutional requirement.

Finding the decree without error, it is affirmed.

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.

TERRELL and CHAPMAN, JJ., dissent.

THOMAS, J., not participating.