TERRELL, Chief Justice.
This appeal is from a final decree validating Street Improvement Certificates of the Town of Tavares issued pursuant to Ordinance No. 1956-4. There is no dispute about the salient facts in the case or that all proceedings as to their issue and validation have been conducted as contemplated by law.
It is admitted that the Town of Tavares is authorized to issue street improvement certificates but it is contended that the certificates proposed, including the special assessments to service them, were not approved in an election by the freeholders as contemplated by Section 6, Article IX of the Constitution, F.S.A., and being so they are void and unenforcible.
For these and other reasons appellant contends that the judgment appealed from should be reversed on authority of Clover Leaf, Inc., v. City of Jacksonville, 145 Fla. 341, 199 So. 923. We do not think there is any merit to this contention. It is true that the last cited case is imbued with aspects similar to those in the case at bar but the point on which it turned was quite different. The ordinance calling for issuance of said certificates provides for the creation of a certificate fund from which they are paid and the moneys contributed to said certificate fund derive solely from special assessments. In the case at bar the face of the street improvement certificates and coupons contain the following:
“This certificate and the coupons appertaining thereto are payable solely from and secured by a lien upon and pledge of the Certificate Fund created by the ordinance authorizing this issue of Certificates. This Certificate does not constitute an indebtedness of said Town within the meaning of any constitutional, statutory or charter provision or limitation, and it is expressly agreed by the holders of this Certificate and the coupons appertaining *136 thereto that such holders shall never have the right to require or compel the exercise of the ad valorem taxing power of said Town, or the taxation of real estate in said Town, for the payment of the principal of and interest on this Certificate, or the making of any sinking fund, reserve or other payments provided for in the ordinance authorizing this issue of Certificates.”
It is accordingly shown that the certificates and coupons could he serviced only from special assessments, no ad valorem tax could be imposed to support them, nor could the credit of the Town be drawn on to pay them. In Clover Leaf v. City of Jacksonville, supra, this was not shown to be true. We think, as held by the chancellor, that the case at bar is ruled by City of Orlando v. State, Fla., 67 So.2d 673, so the judgment appealed from is affirmed on authority of and for the reasons stated in the last cited case.
Affirmed.
THOMAS, ROBERTS and THORNAL, JJ., concur.