DREW, Chief Justice.
The sole question presented on this appeal from a decree validating $481,000 of drainage bonds of the Dixie Drainage District, which was organized, exists and functions under the provisions of Chapter 298, Florida Statutes, F.S.A., is stated by appellant State of Florida as follows:
CAN DIXIE DRAINAGE DISTRICT, ORGANIZED AND EXISTING PURSUANT TO THE PROVISIONS OF CHAPTER 298, FLORIDA STATUTES, ISSUE DRAINAGE BONDS PAYABLE SOLELY FROM THE TOTAL DRAINAGE TAX LEVIED AGAINST PROPERTIES WITHIN THE DISTRICT IN PROPORTION TO THE BENEFITS PREVIOUSLY ASSESSED IN THE REPORT OF COMMISSIONERS, WITPIOUT PRIOR APPROVAL THEREOF BY THE FREEHOLDERS WHO ARE QUALIFIED ELECTORS RESIDING WITHIN TPIE DISTRICT?
While the exact question here is one which this Court has not considered previously, the decisions of this Court in City of Orlando v. State, 67 So.2d 673, Hubbard Construction Co. v. City of Orlando, 67 So.2d 675, and State v. Town of Tavares, 96 So.2d 135, relating to special assessment bonds issued by municipalities within this State are controlling. We perceive no distinction between bonds issued by a municipal corporation payable solely from special assessments levied against property to pay the cost of improvements especially benefitting said property and bonds issued by a drainage district payable solely from the proceeds of special assessments levied by the district against the property within the district for special benefits accruing to said property by virtue of such drainage improvements and facilities. In the case sub judice these bonds, issued in accordance with the provisions prescribed in Chapter 288, Florida Statutes, F.S.A., and after the conclusion of the preliminary requirements set forth in said act contained the specific provision that such bonds shall be payable solely and exclusively from the special assessments theretofore levied and do not constitute gen *554 eral obligations of the district. Such bonds, under the cases heretofore cited, are not bonds which Section 6, Article 9, of the Florida Constitution, F.S.A. requires to be approved by the electors.
We have considered the cases of Boykin v. Town of River Junction, 121 Fla. 902, 164 So. 558; Kathleen Citrus Land Company v. City of Lakeland, 124 Fla. 659, 169 So. 356; and Weaver v. State, 154 Fla. 224, 17 So.2d 91, cited by appellant and conclude that such cases do not bear upon the question before us.
The decree appealed from is affirmed.
/ ROBERTS, THORNAL, CALDWELL and ERVIN, JJ., concur.