QUESTIONS: 1. Are individuals placed on probation or parole in the State of Florida and under the supervision of another state through the terms of the interstate compact legally required to make payment toward the cost of their supervision, and is the commission authorized to collect such costs from these individuals? 2. Are probationers and parolees from other jurisdictions which are signatory to the interstate compact who are under supervision within the State of Florida subject to the statutory requirement to pay the cost of supervision provided by the staff of the Florida Parole and Probation Commission, and is the commission with authority to collect costs in such cases?
SUMMARY: Pending legislative or judicial clarification, the $10 monthly payment required of parolees and probationers by s. 945.30, F.S. (1974 Supp.), should be collected only from those persons placed on parole or probation by Florida authorities and who are actually being supervised in Florida by supervisory agencies or officers of the State of Florida. Section 945.30, F.S. (1974 Supp.) (added by Ch. 74-112, Laws of Florida), provides, in pertinent part: Anyone on probation or parole shall be required to contribute $10 per month toward the cost of his supervision and rehabilitation beginning 60 days from the date he is free to seek employment. I am of the opinion that, pending legislative or judicial clarification, the payment required by s. 945.30, supra, should be held to apply only to — and should be collected only from — those persons placed on parole or probation by Florida authorities and who are actually being supervised in Florida by Florida supervisory agencies or officers. Section 945.30, supra, provides that the $10 monthly payment, required to be paid by a parolee or probationer, is to be used "toward the cost of his supervision and rehabilitation." A person who is placed on parole or probation in Florida, but whose supervision is then undertaken by another state pursuant to a contract entered into under an interstate compact authorized by s. 949.07, F.S., does not, during the time he or she is supervised by the receiving state, require supervision by the sending state (Florida). The cost of such supervision is borne by the receiving state and the governing statutes make no provision for reimbursement of such expense to the receiving or the sending state. Therefore, such parolees or probationers would not appear to fall within the class of persons of whom the statute requires the monthly contribution toward the cost of their supervision. And, as the Florida Supreme Court has stated, "[i]t is a well known rule that fee statutes are to be strictly construed and none allowed except where clearly provided by law." (Emphasis supplied.) Bradford v. Stoutamire,38 So.2d 684, 685 (Fla. 1949). As to persons who are placed on parole or probation in a state other than Florida and whose supervision is then contracted for by Florida pursuant to the interstate compact, I can find nothing in either s. 949.07, F.S., or in Ch. 23-4, Florida Administrative Code (Rules of the Parole and Probation Commission implementing s. 949.07), which would authorize the Florida supervising agency to require parolees or probationers from another state under supervision in Florida pursuant to such compact to pay $10 monthly toward the cost of their supervision and rehabilitation. Under the statute and implementing rules, persons from another state who are under supervision in Florida are subject to the Florida standards of supervision prevailing for its own probationers and parolees, as well as the rules of the sending state. However, absent specific language making a parolee or probationer of a sending state subject to a monthly charge imposed by the receiving state (Florida) on its own parolees and probationers, I am unable to equate a charge for or a contribution toward the cost of supervision with a standard of supervision which both the statute and the rules require be applied to, and govern the supervision of, the parolees and probationers of a sending state. There must exist some basis in the statute for the exercise of the authority to require payment of such charge or contribution and to collect and use the same with respect to such out-of-state parolees or probationers, and if there is any reasonable doubt as to the statutory existence of such authority, the commission should not undertake to exercise it. State ex rel. Greenberg v. Florida State Bd. of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, Florida State Board of Dentistry v. State ex rel. Greenberg, 300 So.2d 900 (Fla. 1974). Moreover, as noted above, statutes exacting fees, or charges and contributions in the nature of fees, are to be strictly construed and none allowed except where clearly authorized or required by law. Bradford v. Stoutamire, supra; cf., State v. Reardon,154 So. 868 (Fla. 1934). I note parenthetically that no question is asked and no opinion is expressed as to the impact of Ch. 75-49, Laws of Florida, on the provisions of s. 945.30, F.S. (1974 Supp.); and no question is asked, nor opinion expressed, as to the impact of litigation currently pending in the courts in regard to the validity of Ch. 75- 49, Laws of Florida.