QUESTION: May the city council of the City of Frostproof assign the duties of town marshal to the mayor?
SUMMARY: The dual officeholding prohibition of s. 5(a), Art. II, State Const., and the public policy rule against holding two incompatible public offices preclude the mayor of the City of Frostproof from assuming and performing the duties of town marshal. In addition, the mayor could not act as town marshal or conservator of the peace without obtaining a certificate of compliance in accordance with s. 943.14(2), F. S., of the Department of Criminal Law Enforcement Act of 1974. Section 5(a), Art. II, State Const., provides, in pertinent part, that "[n]o person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein." See also s. 15, Art. XVI, State Const. 1885. Applying this constitutional provision to the instant question, it would appear that both the mayor and town marshal are made officers of the City of Frostproof by that municipality's charter act. See s. 1, Art. II, Ch. 8955, 1921, Laws of Florida, enumerating officers of the city to include the mayor and town marshal. Consistent with this charter act, I am compelled to conclude that the positions of mayor and town marshal of the City of Frostproof are offices within the purview of s. 5(a), Art. II, State Const., and that, therefore, one person may not serve in both positions simultaneously. Cf. AGO's 071-167 and 072-348 concluding that a deputy sheriff and a police chief are also officers within the purview of the constitutional dual officeholding prohibition; also cf. AGO 069-2. In reaching the foregoing conclusion, I am not unaware of the provision of the charter act of the City of Frostproof which states that the city council may abolish the office of town marshal, among others, and "provide that the duties of same be performed by the officers of said town." Section 1, Art. II, Ch. 8955, supra. Neither am I unaware of those cases which hold that the mere imposition on an officeholder of additional or ex officio duties compatible with the duties the officeholder is already required to perform is not a violation of the constitutional dual officeholding prohibition. See Whitaker v. Parsons, 86 So. 247 (Fla. 1920); State ex rel. Landis v. Reardon,154 So. 868 (Fla. 1934); State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955). However, as I understand it, the city council here is not abolishing the office of town marshal, but, according to the ordinance in question, is merely authorizing the mayor "to assume and perform the duties of Town Marshal as conservator of the peace," i.e., to exercise the powers and perform the functions of another office which is still in existence. Moreover, the duties of the offices of mayor and town marshal are incompatible, since the mayor is empowered and directed by the charter act to appoint and supervise the town marshal. See s. 1, Art. III, and s. 3, Art. VI, Ch. 8955, supra. Thus, performing the duties of both offices simultaneously would be in violation of the public policy rule prohibiting the holding of two incompatible public offices, such incompatibility existing . . . where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one has the power to appoint or remove or set the salary of the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other. [Attorney General Opinion 070-46.] Finally, it would appear that even if such dual service were otherwise valid, the mayor could not assume and perform the duties of town marshal as conservator of the peace without obtaining a certificate of compliance in accordance with s. 943.14(2), F. S., of the Department of Criminal Law Enforcement Act of 1974. Compare the definition of "police officer" contained in s. 943.10(1), F. S., with the definitions of "marshal" and "conservator of the peace" contained in Black's Law Dictionary (Rev. 4th Ed.), pp. 378 and 1125. The exception provided in s. 943.21, F. S., for "elected officers," in my opinion, refers to elected police officers as defined in s. 943.10(1) such as elected sheriffs, police chiefs, etc., and not to such offices as a city mayor or an appointive town marshal. Your question is answered in the negative.