J. T. Landress Highlands County Tax Collector Sebring
QUESTIONS:
1. Is the office of Highlands County Tax Collector entitled to a commission pursuant to s. 192.091(2)(c), F. S., for collecting and remitting special drainage taxes of the Spring Lake Improvement District?
2. If question 1 is answered in the negative would the tax collector be able to negotiate with the Board of Supervisors of the Spring Lake Improvement District to charge them a reasonable fee mutually agreed upon to recover the administrative costs involved in collecting and remitting the special drainage tax?
SUMMARY:
The provisions of s. 192.091, F. S., are not applicable to special taxing districts which levy annual drainage taxes, nor do they apply to assessments levied by a special taxing district on a basis other than ad valorem. Thus, the county tax collector would not be entitled to a commission pursuant to the provisions of s.192.091(2)(c) for collecting and remitting annual drainage taxes of the Spring Lake Improvement District. Nor would it be proper for the county tax collector to charge the special taxing district a reasonable fee to recover the administrative costs involved in collecting and remitting annual drainage taxes of the Spring Lake Improvement District, where the law creating the district, as well as other applicable statutory provisions, makes no provision for such a fee.
The Spring Lake Improvement District was originally known as the Spring Lake Drainage District, which was created under the authority of Ch. 298, F. S. The name of the Spring Lake Drainage District was changed to Spring Lake Improvement District by Ch.71-669, Laws of Florida, which, among other things, broadened the powers and functions of the Spring Lake Improvement District in relation to the construction of roads and highways, drainage and water control systems, water and sewage facilities, and recreational facilities.
AS TO QUESTION 1:
As I stated in my earlier opinion to you on a substantially similar question, s. 192.091(2), F. S., provides commissions to county tax collectors for collecting and remitting all real and tangible personal property taxes at rates according to the tax involved and the amount collected. Section 192.091(5), F. S., provides, however, that the provisions of s. 192.091 do not apply to `drainage district or drainage subdistrict taxes.'
The special drainage taxes in question would appear to be `drainage district . . . taxes' within the purview of s.192.091(5), F. S. Section 9(10) of Ch. 71-669, Laws of Florida, authorizes the Spring Lake Improvement District to assess and impose an ad valorem tax, an annual drainage tax, and a maintenance tax. The district is also authorized to impose special assessments pursuant to s. 9(11) and s. 42 of Ch. 71-669. The terminology of the resolutions you attached to your opinion request indicates that the taxes in question are annual drainage taxes, also referred to as annual installment taxes, levied pursuant to s. 298.36, F. S., and s. 37 of Ch. 71-669 for the purpose of providing funds to pay the costs of levees, canals, field ditches, roadways, pumping facilities, and other works and improvements for the district. Therefore, assuming that the taxes in question are `drainage district . . . taxes' within the scope of s. 192.091(5), the provisions of s. 192.091(2)(c) would not apply to the Spring Lake Improvement District and the Highlands County Tax Collector would not be entitled to any commissions under s. 192.091(2)(c) for collecting and remitting these special drainage taxes.
Furthermore, the provisions of s. 192.091, F. S., are not applicable to special taxing districts which levy assessments on a basis other than ad valorem. See AGO 074-78. The taxes here are levied on each tract of land in the district in proportion to the benefits accruing to the property owner's land, and are not levied on an ad valorem basis. See Lake Howell Water and Reclamation District v. State, 268 So.2d 897 (Fla. 1972). Thus, the nature of the special drainage tax in question would also foreclose the Highlands County Tax Collector from collecting any commissions under s. 192.091(2)(c) for his services to the Spring Lake Improvement District in collecting and remitting this tax.
AS TO QUESTION 2:
Your second question concerns whether the county tax collector may negotiate with the Board of Supervisors of the Spring Lake Improvement District to charge it a reasonable fee mutually agreed upon in order to recover the administrative costs involved in collecting and remitting this special drainage tax. It is the settled law of this state that public officers have no legal claim for official services rendered, except when, and to the extent that, compensation is provided by law, and when no compensation is so provided, the rendition of such service is deemed to be gratuitous. Rawls v. State, 122 So. 222 (Fla. 1929); Brown v. St. Lucie County, 153 So. 906 (Fla. 1934); State v. Reardon,154 So. 868 (Fla. 1934); Gavagan v. Marshall, 33 So.2d 862 (Fla. 1948).
Accordingly, the provisions of Ch. 71-669, Laws of Florida, along with the provisions of Ch. 298, F. S., which are made applicable to the Spring Lake Improvement District by s. 3 of Ch. 71-669, must be looked at to determine if the Legislature has provided for the compensation of your office in collecting the special drainage taxes in question.
The provisions of Ch. 71-669, Laws of Florida, provide no authority for compensating the Highlands County Tax Collector in collecting these annual drainage or installment taxes, even though s. 37 of Ch. 71-669 makes it mandatory upon the Highlands County Tax Collector to collect and remit these taxes. Furthermore, the provisions of Ch. 298, F. S., which are applicable to the Spring Lake Improvement District, do not provide for any compensation to the Highlands County Tax Collector for collecting these taxes. Although ss. 298.20 and 298.401, F. S., specifically make provision for compensating a tax collector for his services in connection with the taxes here, these two provisions are specifically made inapplicable to the Spring Lake Improvement District by s. 3 of Ch. 71-669, Laws of Florida.
Therefore, as no provision can be found under Ch. 71-669, Laws of Florida, or the applicable sections of Ch. 298, F. S., for compensating the Highlands County Tax Collector for his services in collecting the annual drainage or installment taxes, levied pursuant to s. 298.36, F. S., and s. 37 of Ch. 71-669, the Highlands County Tax Collector would not be entitled to compensation for collecting and remitting these taxes. Thus, your second question in answered in the negative.
Prepared by: Cecil L. Davis, Jr., Assistant Attorney General