William J. Roberts General Counsel State Association of County Commissioners Tallahassee
QUESTION:
May a county commissioner serve, by appointment of the county commission, as a member of the board of trustees of an independent special taxing district?
SUMMARY:
An appointment by a board of county commissioners of one of its own members as a member of the governing board of an independent special taxing district created by county ordinance is contrary to the common-law rule that all officers who have the appointing power are disqualified from appointment to offices or positions to which they may appoint or over which they possess the power to remove the incumbent; a county commissioner so appointed may not serve as a member of the board of trustees of such special taxing district.
Pursuant to your letter of inquiry and memorandum of law attached thereto, the Board of County Commissioners of Leon County adopted Leon County Ordinances Nos. 75-2 and 75-6 (pursuant to ch. 165, F. S. 1975), setting forth a uniform method for the creation of special taxing districts within Leon County and establishing the Falls Chase Special Taxing District (hereafter Falls Chase), respectively. Ordinance No. 75-6, in establishing Falls Chase and adopting its charter, provides that Falls Chase shall be governed by a board of five trustees, with one trustee appointed annually by the Board of County Commissioners of Leon County, the remaining four trustees being elected by the qualified electors of the special district. Historically, the board of county commissioners has chosen to appoint one of its members as the board's appointee to the Board of Trustees of Falls Chase; however, you are now undecided if such appointments are valid in light of the common-law rule of public policy prohibiting the holding of two incompatible offices and in light of previous opinions of this office.
Initially, I must assume for purposes of this opinion that Ordinance No. 75-6, which created Falls Chase, is a valid county legislative enactment. See ss. 163.603(1), 163.604(11), 163.613,165.041(2), and 165.061(3), F. S. Cf. s. 125.01(5)(a) and (b), F. S. Based on this assumption, your question is answered in the negative.
Previous opinions of my predecessors in office have concluded that the appointment by a board of county commissioners of one of its members to serve as a member of the governing body of a special district, although not prohibited by the constitutional dual officeholding prohibition prescribed by s. 5, Art. II, State Const., is contrary to common-law rule of public policy which may be stated as follows: All officers who have appointing power are disqualified for appointment to offices or positions to which they may appoint. See AGO's 070-46, 072-348, 073-359, and 075-60. I find that the vitality of the rule is still in force in this state; therefore, the aforecited opinions are affirmed. The underlying rationale of the aforementioned common-law rule of public policy is to assure the actuality and appearance of undivided public loyalty and trust a public officer holds for the benefit and in the interest of the people and to prevent any conflict of interest or clash of duties when the performance of duties of one office interferes with the performance of the duties of the other, thereby making both offices incompatible. See 67 C.J.S. Officers s. 23, p. 269, and s. 27, p. 277, and 63 Am.Jur.2d Public Officers and Employees s. 96, p. 690. A conflict of interest or clash of duties exists when one office is subordinate to the other and subject in some degree to the supervisory power of its incumbent or when the incumbent of one of the offices has the power of appointment to the other office or has the power to remove or punish the incumbent of the other. See 67 C.J.S.Officers s. 27, pp. 277-281; 63 Am. Jur.2d Public Officers andEmployees ss. 62, 63, and 73; and AGO 070-46. Furthermore, a conflict of interest may be demonstrated by the power to regulate the compensation of the other or to audit accounts of the other.See 67 C.J.S. Officers s. 27, supra.
As stated in AGO 070-46 (in reference to appointing powers of public officers):
 At common law, all officers who have appointing power are disqualified for appointment to the offices or positions to which they may appoint. [Citations omitted.] The reason for the public policy rule in this respect has been variously stated: In Wood v. Whitehall, 1923, 197 N.Y.S. 789, the court said that such an appointment is against good conscience and public morals; in Hetrich v. County Commissioners of Anne Arundel County, Md. 1960, 159 A.2d 642, 645, the prohibition was grounded on the need for impartial official action without suspicion of bias; and in Ehlinger v. Clark, Tex. 1928, 8 S.W.2d 666, the court said that the rule was based on `the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body . . . .'
As to the common-law rule of incompatibility, AGO 070-46 states:
 The incompatibility that will disqualify [the holding of two positions in public service] lies in a conflict between the duties and functions of the two offices, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one has the power to appoint or remove or set the salary of the other, or where the duties clash, inviting the incumbent to prefer one obligation over the other. [Citations omitted.]
In this present inquiry, Leon County Ordinance No. 75-6, pursuant to s. 4(2), Leon County Ordinance No. 75-2 (prescribed by ch. 165, F. S.), provides that one of the trustees of the Falls Chase Special Taxing District shall be annually appointed by the board of county commissioners. It can thus be seen that an appointment by the Board of County Commissioners of Leon County of one of its members to the Board of Trustees of the Falls Chase Special Taxing District would be contrary to the common law and public policy. This is especially true in light of the fact that any trustee may be removed for misfeasance, malfeasance, or willful neglect of duty (see Art. II, Leon County Ordinance No. 75-6, pursuant to s. 4(6), Leon County Ordinance No. 75-2), thereby subjecting the board of trustees to some degree of supervision by the commission.
Finally, you make reference in your letter of inquiry to instances, pursuant to legislative directive and judicial decision, when members of county commissions are the governing body of special districts similar to Falls Chase. See ch. 153, F. S.; s. 336.28, et seq., F. S.; and State of Florida v. Sarasota County, 372 So.2d 1115 (Fla. 1979). However, as noted from the aforecited case law and statutory provisions, the county commission exercises no power or authority to appoint anyone, including one of its members, to governing positions. The county commissions exercise their authority as the ex officio governing head of these special districts pursuant to specific legislative directive. In these situations, it would appear that the legislative intent is to impose additional duties on county commissions and not to create separate offices. 63 Am. Jur.2dPublic Officers and Employees s. 78, p. 670; Advisory Opinion to the Governor, 1 So.2d 636 (Fla. 1941); Whitaker v. Parsons,86 So. 247 (Fla. 1920); State ex rel. Biggs v. Gordon, 186 So. 437 (Fla. 1939); and State ex rel. Landis v. Readon, 154 So. 868 (Fla. 1934).
Prepared by: John W. Williams, Assistant Attorney General