Mr. Owen L. Luckey, Jr. County Attorney of Hendry County P.O. Box 865 La Belle, Florida 33935-0865
Dear Mr. Luckey:
This is in response to your request for my opinion on the following questions:
 (1) MAY THE BOARD OF COUNTY COMMISSIONERS OF HENDRY COUNTY ESTABLISH A MUNICIPAL SERVICE TAXING UNIT FOR THE PURPOSE OF PROVIDING DRAINAGE IN AN UNINCORPORATED AREA OF THE COUNTY, ASSESSING THE LANDS AFFECTED ON A PER ACRE OR PER LOT BASIS AND DO SO WITHOUT REFERENDUM?
 (2) IN THE ALTERNATIVE, MAY THE BOARD OF COUNTY COMMISSIONERS SEEK TO SET UP A DRAINAGE DISTRICT UNDER CH. 298, AS AMENDED IN 1980, UNDER THE IMPLEMENTING AUTHORITY OF s 125.01(5)(a), AND DO SO WITHOUT THE NECESSITY OF A REFERENDUM?
 (3) IF SO, WOULD ANY ASSESSMENTS UNDER CH. 298, IMPLEMENTED BY CH. 125, REQUIRE A REFERENDUM FOR ASSESSMENT AND IMPLEMENTATION?
In your letter you stated that "[t]he County has determined that there are severe drainage problems affecting [certain described lands] not within any incorporated areas within Hendry County." Your letter also states "[t]he County [has] further determined that in order to provide for an orderly growth in this area improvements are needed to provide for drainage of these lands. . . . The County desires to establish a Municipal Service Taxing Unit for the purpose of providing drainage, drainage improvements, drainage operation, and drainage maintenance for these lands in this unincorporated area."
QUESTION ONE
The provisions of s 125.01(1), F.S., read in pertinent as follows:
 (1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to:
* * *
 (j) Establish and administer programs of housing, slum clearance, community redevelopment, conservation, flood and beach erosion control, air pollution control, and navigation and drainage. . . .
* * *
 (q) Establish, and subsequently merge or abolish those created hereunder, municipal service taxing or benefit units for any part or all of the unincorporated area of the county, within which may be provided fire protection, law enforcement, beach erosion control, recreation service and facilities, water, streets, sidewalks, street lighting, garbage and trash collection and disposal, waste and sewage collection and disposal, drainage, transportation, and other essential facilities and municipal services from funds derived from service charges, special assessments, or taxes within such unit only. It is hereby declared to be the intent of the Legislature that this paragraph is the authorization for all counties to levy additional taxes, within the limits fixed for municipal purposes, within such municipal service taxing units under the authority of the second sentence of s. 9(b), Art. VII of the State Constitution.
 (r) Levy and collect taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit, and special assessments; borrow and expend money; and issue bonds, revenue certificates, and other obligations of indebtedness, which power shall be exercised in such manner, and subject to such limitations, as may be provided by general law. There shall be no referendum required for the levy by a county of ad valorem taxes, both for county purposes and for the providing of municipal services within any municipal service taxing unit. (e.s.)
It is evident that the above cited provisions of s 125.01(1), F.S., provide express statutory authority for Hendry County to establish a municipal service taxing unit for any part of or all of the unincorporated areas of the county for the purpose of providing drainage and to pay for the costs thereof by levying ad valorem taxes or imposing special assessments.
Sections 125.01(1)(q) and (1)(r), F.S., which together authorize counties to create municipal service taxing units having power to impose ad valorem taxes without voter approval, were held constitutional in Gallant v. Stephens, 358 So.2d 536 (Fla. 1978); see also Tucker v. Underdown, 356 So.2d 251 (Fla. 1978). The Supreme Court has also held that nothing in the 1968 Constitution places special assessments for local improvements under the restrictions pertaining to ad valorem taxes; and found no basis in the 1968 Constitution for a different construction concerning special assessments for local improvements from that which obtained under the 1885 Constitution. Lake Howell Water 
Reclamation Dist. v. State, 268 So.2d 897, 899 (Fla. 1972).
You state in your inquiry that the county desires to assess the affected lands on a per acre or per lot basis not on an ad valorem basis, and without the necessity of approval by referendum of the electors. There is no constitutional or statutory requirement for a referendum or voter approval in connection with the imposition of special assessments. See, Lake Howell Water Reclamation Dist. v. State, supra.
Consequently, the holding of the Florida Supreme Court in the Lake Howell Water Reclamation Dist. case compels the conclusion that the proposed "special assessments" described in your letter wherein the affected lands in the unincorporated areas only of Hendry County would be assessed on a per acre or per lot basis would not be subject to any referendum requirements of s 9(b), Art. VII, State Const.
QUESTIONS TWO AND THREE
The provisions of s 298.01, F.S., do expressly provide that a water control district may be created pursuant to s 125.01 or by a special act of the Legislature. However, your letter specifically cites only subsection (5)(a) of s 125.01 as possible authority for setting up a drainage or water control district under Ch. 298.
It is apparent that subsection (5) of s 125.01, F.S. would not be applicable to the factual situation outlined in your letter, since the provisions of paragraph (c) of said subsection (5) expressly state that it is "the intent of the Legislature that a special district created under this subsection shall include both unincorporated and incorporated areas of a county and that such special district may not be used to provide services in the unincorporated area only." (e.s.)
Consequently, question two as applied to the facts presented herein is answered in the negative. Question three is therefore, rendered moot.
In summary, the legislative and governing body of a county may establish a municipal service taxing or benefit unit within the unincorporated areas of the county pursuant to s 125.01(1), F.S., for the purpose of providing drainage services funded by special assessments levied on specially benefitted lands within such unit only. A special drainage or water control district may not be created or established by a county pursuant to s 298.01, F.S., and s 125.01(5), F.S., to provide services in the unincorporated area only.
Sincerely,
Jim Smith Attorney General
Prepared by:
J. Terrell Williams Assistant Attorney General