486 So.2d 65 (1986)
James D. STELZEL, et al., Appellants,
v.
SOUTH INDIAN RIVER WATER CONTROL DISTRICT, Appellee.
No. 84-2313.
District Court of Appeal of Florida, Fourth District.
April 9, 1986.
Donald P. Kohl, of Kohl, Springer, Springer, Mighdoll, Salnick & Krischer, Palm Springs, for appellants.
*66 Charles C. Chillingworth, of Chillingworth & Axelrod, P.A., Palm Beach, for appellee.
DELL, Judge.
Appellants, a group of homeowners residing in the Jupiter Farms area of Palm Beach County, filed suit for a declaratory judgment to declare the voting scheme of appellee South Indian River Water Control District (District) unconstitutional. They alleged that the voting scheme violates their right to cast secret ballots and the "one man-one vote" doctrine. Appellants also requested injunctive relief to prohibit any further elections under the weighted "vote-by-acreage" method. On appeal, they challenge the trial court's final judgment which denied their requested relief.
The final judgment provides:
1. The SOUTH INDIAN RIVER WATER CONTROL DISTRICT is a district organized and operated under Florida Statute 298 and certain special legislation. The District is authorized to construct and maintain roads, but this does not raise the District to the powers or requirements of a municipality. The District has no police powers and has no authority to govern the activities of people. The District levies special assessment taxes for the construction and maintenance of improvements to the land within the District.
2. Therefore, it follows that a vote by acres is a fair and reasonable way to elect supervisors to govern the District. Any other system would be less fair, and no decision of any court has held to the contrary. See Ball v. James, [451 U.S. 355] 101 S.Ct. 1811 [68 L.Ed.2d 150] (1981) and Lake Howell Water and Reclamation District v. State, 268 So.2d 897 (Fla. 1972).
3. The Court finds that there is no double taxation on any of the land within the District.
The District operates pursuant to Chapter 298, Florida Statutes (1983) and pursuant to a special act of the legislature, Chapter 71-280, Laws of Florida, as amended. These acts of the legislature limit the District's powers to those incidental to water control, road maintenance and construction.
Appellants contend that the "one acreone vote" voting scheme sanctioned by Chapter 298, Florida Statutes, may no longer be constitutional as applied to the South Indian River Water Control District in light of present urbanization of the District, and because the District presently provides more municipal services than water control functions. Appellants claim that the District exercises municipal functions such as hiring and firing workers, installing and determining placement of traffic control devices, signs and speed limits, imposing fines, contracting for construction projects, condemning and annexing property and issuing bonds for road construction. Appellants also claim that the District exercises health and welfare services, such as aquatic weed control.
In Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), the United States Supreme Court held that the equal protection clause imposed certain limitations on laws establishing voter qualifications. This decision gave rise to a "one man-one vote" principle for governmental entities, which has been extended to state political subdivisions exercising governmental functions. See, e.g., Avery v. Midland County, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45 (1968).
However, the Supreme Court specifically held Reynolds inapplicable to governmental units created for a special purpose, which do not exercise general governmental functions. Ball v. James, 451 U.S. 355, 101 S.Ct. 1811, 68 L.Ed.2d 150 (1981); Salyer Land Co. v. Tulare Lake Basin Water Storage District, 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973). In Salyer, the high court held that a water storage district, by virtue of its special, limited purpose and authority, and the fact that it provided no general range of services typical of general municipal bodies, did not fall within the Reynolds "one man-one vote" principle.
*67 In State v. Frontier Acres Community Development District Pasco County, Florida, 472 So.2d 455 (Fla. 1985), the Florida Supreme Court upheld the constitutionality of Chapter 190, Florida Statutes (Supp. 1984), insofar as it provides for election of the board of supervisors of a community development district by district landowners on a "one-vote-per-acre" basis, rather than a "one man-one vote" basis. The court concluded that community development districts created under Chapter 190 do not exercise general governmental functions, but rather are similar to special districts which the United States Supreme Court excepted from the "one man-one vote" doctrine. The same conclusion is warranted in this case, because the evidence established that the District does not exercise general governmental functions. See also Lake Howell Water and Reclamation District v. State, 268 So.2d 897 (Fla. 1972).
While the record here contains evidence which tends to support appellants' claims that the District exercises municipal functions, it also demonstrates with equal clarity that each of the functions performed by the District directly relate either to its water control function or to its limited road maintenance authority. The only non-water control services performed by the District relates to roads. Chapter 71-280, as amended, permits the District to construct, maintain, improve and repair roads, generally. Although the act provides the District with the authority to construct, maintain, improve and repair dedicated roads and rights-of-way, it does not give the District the right to control the conduct of the people upon the roads. Contrary to appellants' assertion, the District does not have the authority to establish speed limits. The placement of some traffic control signs in conformity with Palm Beach County's regulations governing traffic does not raise the District's activities to the level of a municipality exercising general governmental powers.
In this case, appellants have failed to demonstrate a sufficient change in the District's activities to require the abolition of the present method of "voting-by-acreage" and the implementation of a "one man-one vote" system of voting. The record supports the trial court's conclusion that because of the unique and limited nature of the District's functions, a "vote-by-acreage" scheme constitutes a fair and reasonable method for the election of supervisors to govern the District. Accordingly, we affirm the final judgment in favor of appellee.
AFFIRMED.
LETTS and WALDEN, JJ., concur.